MICKLE, Judge.
J.A.D. (appellant), a juvenile, appeals from an order of disposition withholding adjudication of delinquency and placing him on community control. Of the numerous issues raised, only one, involving the qualifications of one witness to render expert opinion testimony, has sufficient merit to cause us to reverse the order of disposition and remand this case for a new adjudicatory hearing.
Appellant was charged by amended petition with one count of committing a lewd act upon a child by oral penetration, one count of committing a lewd act upon a child by lewd exhibition of the genitals, one count of sexual battery upon a child under 12 years of age, and one count of committing a lewd act upon a child by fondling. At the adjudicatory hearing, one of the witnesses testifying for the state was Susan Fairforest. Fairforest testified that she is a therapeutic foster care specialist for North Florida Mental Health Services, where she works with children who have been “horrifically abused.” She obtained her bachelor’s degree in communications in 1974 from Florida State University, following which she obtained her master’s degree in social work. She has not yet obtained her social worker’s license but intends to do so after the completion of three years of post-graduate work. She has worked as a probation and parole officer and as a case manager for the chronically mentally ill. On a volunteer basis, she helped to start a domestic violence shelter. In graduate school, she specialized in a direct services clinical program and wrote most of her papers on children and adolescents. She interned with the YWCA (which offered services to sexually abused adults and children), and in a psychiatric hospital in the children and adolescent units. Since that time she has worked with Mental Health Services as a children’s therapist, mainly with victims of physical and sexual abuse. She has worked *447 with at least one hundred sexually abused children. She has never been qualified as an expert witness, but has testified in domestic violence cases, child custody cases, and one sexual abuse case.
The prosecutor asked that Fairforest be qualified as an expert witness in the area of counseling sex abuse victims. Defense counsel conducted a voir dire examination dining which Fairforest acknowledged that there is a difference in the focus in course work between psychology and social work. The trial judge then asked Fairforest whether she had the necessary certification to serve as a therapist for a child who has actually been the victim of abuse. Fairforest responded that, as far as she knew, she did not, but that it was not unusual for people who hold a master’s degree to go to work for an ageney like the one with which she is employed. The judge then asked whether Fair-forest had the necessary credentials to interact with a child who has been the alleged victim of sexual abuse and whether Fairfor-est had plans eventually to become certified. Fairforest responded affirmatively. The court then asked the attorneys what they meant by the term “expert witness” in this context. Defense counsel argued that Fair-forest was not licensed by the state as an expert and that there was no evidence that she was directly supervised during her interaction -with the victim. After hearing from defense counsel, the court elected to defer ruling on the state’s request to qualify Fair-forest as an expert witness, stating, “I find that somewhat persuasive, I must say. I don’t think I want to make a blanket ruling in that regard. I’m going to wait_”
Direct examination continued and Fairfor-est proceeded to detail her “psychosocial” assessment of the victim as drawn from her visits with her, including what the victim had related regarding the acts allegedly performed upon her by appellant. Of particular import to this appeal is the following portion of Fairforest’s testimony. The prosecutor asked, “Based on everything that — all the time you’ve spent with [the victim] and everything that you’ve talked about with her, and all of the kids you’ve seen in the past that have been sexually abused, does [the victim] exhibit the same symptoms exhibited by those other kids?” Defense counsel objected, stating, “I think this is where we get into the question about whether she has been accepted as an expert witness with regard to the counseling qualifications and so on.” The prosecutor argued, “I think for this specific reason, if she exhibits the same symptoms as other children that Ms. Fairforest has counseled, I think she’s well qualified to answer that question, over a hundred kids of sexual abuse.” The trial court overruled the objection. The prosecutor again asked Fairforest whether she believed that the victim had exhibited the same symptoms or similar symptoms of other children who had been sexually abused. Fairforest responded that she had diagnosed the victim with posttrau-matic stress disorder which, she explained, was a diagnosis for anyone who has gone through a traumatic stress in his or her life and who is having certain symptoms following that stress. Fairforest explained that her conclusion was based on the fact that the victim was having nightmares, was depressed (including sleep disruption, appetite changes, feelings of sadness and anger), has revealed suicidal thoughts with regard to the incident, feels that she is to blame for what happened to her, and startles easily when someone walks into the room.
On a procedural note, we disagree with the state’s position that any claim of error regarding Fairforest’s response to the aforementioned question was not preserved for review. When the prosecutor first asked Fairforest whether, in her opinion, the symptoms exhibited by the victim herein were consistent with symptoms of children who have suffered sexual abuse, defense counsel objected on the basis that Fairforest had not been qualified as an expert witness. While it is true that defense counsel posed no objection to Fairforest’s totally unrelated answer regarding posttraumatic stress disorder, we believe that the original objection to the question itself was sufficient to preserve any asserted error with regard to a response thereto.
Turning to the merits, we agree with appellant that the question posed by the prosecutor and, more importantly, the unre *448 sponsive and unrelated answer to that question, went beyond the level of qualifications held by Fairforest. Fairforest was never declared by the court to be an expert in any field. Her bachelor’s degree is in communications, her master’s degree in social work. She had not yet obtained her license as a social worker and conceded on voir dire that there is a difference in the focus in course work between psychology and social work. Even if Fairforest was qualified to answer the precise question posed of her,[1] clearly it was not within her training, education or experience to render an opinion that the victim was suffering from posttraumatic stress disorder. The court never qualified Fairforest as an expert, but allowed her to express an expert opinion and diagnosis.
The error in allowing Fairforest’s testimony to remain in the record cannot be deemed harmless. In orally reciting his findings in support of guilt, the trial judge stated: Clearly, the judge relied heavily on Fairfor-est’s response in finding appellant guilty of two counts of committing a lewd act and one count of sexual battery upon a child under 12 years of age. We cannot conclude, beyond a reasonable doubt, that this admission of this testimony did not contribute to the outcome of this proceeding. Accordingly, we must reverse and remand for a new adjudicatory hearing.[2]
And so after I had heard her [the child] testify, I was somewhat more persuaded that this act actually took place than I was at any point up to that time. And Ms. Fairforest’s testimony was consistent with the fact that this could have happened based on her experience and somewhat limited experience and somewhat limited experience [sic] is apparent, but based on what she had seen in other children. And I think she testified there were approximately a hundred children that in her view were victims of sexual abuse.
REVERSED and REMANDED.
MINER and ALLEN, JJ., concur.

. Although not the subject of an objection below, and thus not preserved for review in the instant case, we note that, recently, in Hadden v. State, 690 So.2d 573 (Fla.1997), the Florida Supreme Court held that, “upon proper objection prior to the introduction of a psychologist’s expert testimony offered to prove the alleged victim of sexual abuse exhibits symptoms consistent with one who has been sexually abused, the trial court must find that the psychologist's testimony is admissible under the standard for admissibility of novel scientific evidence announced in Frye v. United States, 293 F. 1013 (D.C.Cir.1923), and adopted in Florida.” 690 So.2d at 575. Additionally, the Hadden court held that presently, "a psychologist’s opinion that a child exhibits symptoms consistent with what has come to be known as ‘child sexual abuse accommodation syndrome’ .... has not been proven by a preponderance of scientific evidence to be generally accepted by a majority experts in psychology. Therefore, such opinions ... may not be used in a criminal prosecution for child abuse.” Id. In Hadden, a psychologist expert witness testified on direct examination that the victim exhibited symptoms consistent with a child who had been sexually abused. However, as the answer was clarified on cross-examination, the expert’s answer was based not only on the expert's experiences but on syndromes such as posttraumatic stress disorder and related diagnostic criteria. The court held that the expert’s opinion was based on diagnostic standards which must pass the Frye test.

. We decline to address the remaining issues raised on appeal.